PER CURIAM.
Appellant appeals from a judgment and sentence entered after a jury found him guilty of possession of cocaine, possession of drug paraphernalia, possession of marijuana and possession of a firearm during the commission of a felony. We reverse.
Appellant raises two issues concerning the jury verdict and one concerning his sentence.
First, appellant says he is entitled to a new trial because there is an insufficient record for the purposes of appeal. Specifically, appellant complains that the transcript of the trial was not produced in accordance with the procedure mandated by the rules of judicial administration and an order of the Chief Judge of the circuit. Those rules require that all phases of a felony trial be reported by licensed court reporters. In this case no court reporter attended the trial; the proceedings were tape recorded and the transcript was produced by a deputy clerk of the court who listened to the tapes.
It is unquestioned that this procedure was not proper. First, Florida Rule of Judicial Administration 2.070 states, in pertinent part:
Rule 2.070. Court Reporting
*582 (a) Court Reporting Services.
(1) The chief judge, after consultation with the circuit court and county court judges in the circuit, shall enter an administrative order developing and implementing a circuit-wide plan for the court reporting of all proceedings required to be reported at public expense using either full or part time court employees or independent contractors. The plan shall ensure that all court reporting services are provided by qualified persons....
(2) Each circuit’s plan for court reporting services shall be developed after consideration of guidelines issued by the Office of the State Courts Administrator.
(b) When Reporting Required.
All criminal and juvenile proceedings, and any other judicial proceedings required by law or court rule to be reported at public expense, shall be reported....
(c) Record.
When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves the agreement....
(d)Electronic Reporting.
(1) A chief judge who deems it appropriate or necessary may include provisions in the plan authorizing the use of electronic reporting for any judicial proceedings, including depositions, required to be reported.
The procedure for the Fourteenth Judicial Circuit was established in 1995, by then-Chief Judge Don T. Sirmons, who issued Administrative Order 95-05. It stated, in pertinent part:
Electronic Court Reporting for all matters shall be utilized in all County and Circuit Courts of the Fourteenth Judicial Circuit except:
A. Criminal Felony Trials.
Thus, appellant’s trial was required to have been reported live, and the procedure employed violated both Rule 2.070 and the existing administrative order.
After the appeal had been filed, this Court, pursuant to appellant’s motion, ordered the parties to reconstruct the record to clarify, if possible, parts of the transcript that were inaudible. Trial counsel listened to the tapes and resolved most, but not all, the problems and then conferred with the trial judge. After this conference, the lower court entered an order which found that only one portion of the record was still inaudible, and that, based on the collective memories of the judge, prosecutor and defense counsel, the portion that was not transcribed concerned an objection to possible hearsay testimony, to-wit: a police officer testifying as to what an informant had told him.
Appellant argues that even this enhanced transcript is replete with mistran-scriptions and omissions, and is so unreliable as to deprive appellant of a meaningful appeal and to deprive this Court of an adequate opportunity to review the proceedings below. We agree, and thus reverse and remand for a new trial.
We emphasize that it is not the quality the transcript that leads us to this conclusion. Court reporters, like judges, lawyers and all other humans, cannot claim infallibility among their virtues. Mistakes can, and do, occur in transcripts, and our decision should not be construed as authority to claim reversible error because certain words are allegedly transcribed incorrectly.
We are more troubled by the fact that there is no record of one defense objection that was overruled, a failing that deprives appellant’s counsel of the opportunity to argue reversible error, and prohibits this Court from making a reasoned judgment as to whether any such error did occur.
The principal problem, however, is that the transcript was not produced by a licensed court reporter, and, therefore, simply is not the official record of those proceedings. Even if the transcript were *583 otherwise letter perfect, we would be compelled to reach the same result, given the fact that a defense objection was not recorded and cannot be reconstructed to the satisfaction of all parties.
The State urges us to reject appellant’s argument because no objection was made to the procedure below. First, we note that, despite an explicit administrative order prohibiting it, this apparently was the standard procedure in Calhoun County (a matter we trust has been rectified). It would be another matter if trial counsel had specifically waived the procedure. Second, appellant could not complain that the transcript was insufficient before it was produced. Third, the fact that no one can tell, with any certainty, what happened during these proceedings makes the error below a denial of due process of law and, therefore, fundamental.[1]
Wherefore, this matter is reversed and remanded for a new trial on all four counts. In light of this holding we need not address the issue relating to the amendment of the information or the sentencing issue.
MINER and PADOVANO, JJ., CONCUR.
WOLF, J., DISSENTS WITH OPINION.

. We hasten to point out that in the proper instance a defendant could waive the presence of a court reporter, and instead rely upon a transcription from a tape recording. Moreover, in the proper instance, a defendant could agree to a reconstructed record.